ILND 44 (Rev. 08/23)

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff

*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant

*(In U.S. plaintiff cases only)*

Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question
*(U.S. Government not a party.)*

☐ 4 Diversity
*(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 530 General | ☐ 720 Labor/Management Relations | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| | 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | ☐ 535 Death Penalty | | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | 320 Assault, Libel & Slander | Personal Injury | **Other:** | ☐ 740 Railway Labor Act | ☐ 410 Antitrust |
| | 330 Federal Employers' Liability | Product Liability | ☐ 540 Mandamus & Other | ☐ 751 Family and Medical Leave Act | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | 345 Marine Product Liability | | ☐ 555 Prison Condition | ☐ 791 Employee Retirement Income Security Act | ☐ 460 Deportation |
| ☐ 151 Medicare Act | 350 Motor Vehicle | **PERSONAL PROPERTY** | 560 Civil Detainee - Conditions of Confinement | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans) | 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | | | ☐ 480 Consumer Credit |
| | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | | **PROPERTY RIGHTS** | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 153 Recovery of Veteran's Benefits | 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal | | ☐ 820 Copyright | |
| ☐ 160 Stockholders' Suits | | Property Damage | | ☐ 830 Patent | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | | ☐ 840 Trademark | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | 880 Defend Trade Secrets Act of 2016 (DTSA) | ☐ 891 Agricultural Arts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 862 Black Lung (923) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | 443 Housing/Accommodations | **IMMIGRATION** | | ☐ 864 SSID Title XVI | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/ Disabilities- Employment | ☐ 462 Naturalization Application | | ☐ 865 RSI (405(g)) | |
| 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition) | | **FEDERAL TAXES** | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Check one box, only.)*

☐ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District (specify)

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION ( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

☐ Check if this is a **class action** under Rule 23, F.R.CV.P.

Demand $

CHECK Yes only if demanded in complaint:

Jury Demand: ☐ Yes ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions):*

Judge

Case Number

## X. Is this a previously dismissed or remanded case? ☐ Yes ☐ No If yes, Case # \_\_\_\_\_ Name of Judge \_\_\_\_\_

Date: \_\_\_\_\_

Signature of Attorney of Record \_\_\_\_\_

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Paul Schroth Wolfe, | |
| Plaintiff, | |
| v. | Case No.: 24-cv-1538 |
| | **JURY TRIAL DEMANDED** |
| Steven E. Looper, Paul Schlieve a/k/a Paul Whinnery a/k/a Paul Schmidt, and John Doe(s) Unidentified Co-Conspirator(s), | |
| Defendants. | |

**Complaint**

Plaintiff Paul Schroth Wolfe ("Wolfe"), by and through his attorneys, Patterson Law Firm, LLC, complains of Defendants Steven E. Looper ("Looper"), Paul Schlieve a/k/a Paul Whinnery a/k/a Paul Schmidt ("Schlieve"), and John Doe(s) Unidentified Co-Conspirator(s) ("Doe") as follows:

**Introduction**

1. This case concerns an overarching scheme Defendants enacted in order to defame, disparage, and discredit Plaintiff personally and professionally in furtherance of their larger goal to remove Plaintiff from his position as Trustee of certain family trusts (the "Trusts") and from his position as director of certain entities, or to otherwise bypass Plaintiff and defraud Plaintiff's employer by creating a perceived crisis of solvency and marketability through which Defendants might illicitly extract assets for their own benefit.

**Parties**

2.   Plaintiff Wolfe is an experienced financial services professional and citizen of DuPage County, Illinois.

3.   Defendant Looper is a citizen of Texas residing in Travis County.

4.   Defendant Schlieve is a citizen of Texas residing in Williamson County.

5.   Plaintiff currently cannot identify Defendant Doe's name and address. Defendant Doe's name and address can be provided through discovery.

**Jurisdiction and Venue**

6.   This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

7.   Additionally, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claims that are the subject of this Complaint occurred in the Northern District of Illinois.

**Facts**

9.   In August of 2022, an anonymous party (the "Complainant") using the alias "Susan Essex" filed a complaint against Plaintiff in DuPage County, Illinois (the "2022 Complaint"), raising a series of scurrilous, denigrating, and disparaging allegations regarding Plaintiff, including that engaged in criminal activity and adultery.

2

10. After filing the 2022 Complaint, the Complainant made no efforts to serve—or even notify—Plaintiff of the case brought against him, nor did "she" make any other efforts to otherwise litigate the case.

11. Indeed, Plaintiff did not learn of these false and scurrilous allegations until after the complaint was posted on a website in October 2023 (the "First Website").

12. On or about October 31, 2022, the case was dismissed for want of prosecution. At no point thereafter did the Complainant seek to reinstate the matter. In other words, the Complainant was not even interested in appearing before the Court regarding their case. In essence, the Complainant filed the false 2022 Complaint, which was devoid of substance other than spurious and scandalous allegations, and immediately abandoned the claim.

13. Despite the fact that this case was entirely obscure, having undergone no responsive pleadings, discovery, motions practice, or even initial case management, during October of 2023, an anonymous party obtained and published the 2022 Complaint in this case on their First Website, which was registered on September 11, 2023, and is dedicated entirely to "doxing," defaming, and otherwise harassing Plaintiff and his colleagues.

14. Upon further investigation, the address the Complainant listed on the 2022 Complaint is a women's shelter without permanent residents, no response to communications was received from the email address listed

3

on the 2022 Complaint, and the phone number is fictitious or otherwise disconnected.

15. Given the foregoing, upon information and belief, "Susan Essex" is an assumed name under which the responsible individual filed the 2022 Complaint.

16. Pursuant to information produced by the registrars of the First Website and the email address used to file the 2022 Complaint, the same Internet Protocol (IP) Address was used to access/maintain the First Website and to access the email account from which the responsible individual(s) filed the 2022 Complaint.

17. Likewise, pursuant information produced by the registrars of the First Website and the email address used to file the 2022 Complaint, the same phone number was used to register both the First Website and the email account from which the responsible individual(s) filed the 2022 Complaint.

18. Given the foregoing, upon information and belief, the individual(s) responsible for filing the 2022 Complaint are one and the same as the individual(s) responsible for creating and/or posting on the aforesaid First Website.

19. Given the foregoing, the 2022 Complaint was filed under false pretenses, in bad faith, without basis in fact whatsoever, as fodder by which the individual(s) responsible might disparage Plaintiff on their First Website.

20. The entry on the First Website dedicated to republishing the 2022 Complaint had generated 20 "comments" as of December 2023.

21. Upon information and belief, given Plaintiff's status as a generally obscure private citizen rather than a public figure, and the anonymous nature of the "comments" on the First Website, the aforesaid "comments" were generated by the individual(s) responsible for filing and republishing the 2022 Complaint.

22. The entry on the First Website dedicated to republishing the 2022 Complaint contained personally identifiable information regarding Plaintiff without his consent, including his name, telephone number, home address, and employment information.

23. The entry on the First Website dedicated to republishing the 2022 Complaint encouraged the general public to stalk, harass, and harm Plaintiff, variously encouraging the public to call Plaintiff's phone number and contact him at his home.

24. Furthermore, the entry on the Website dedicated to republishing the 2022 Complaint contained extensive inflammatory language and accusations against Plaintiff, intended and likely to cause rash and unwarranted action against Plaintiff including harassment, stalking, and bodily injury to Plaintiff and his family.

25. The aforesaid inflammatory language and accusations include, but are not limited to, charges that:

    a.   that Plaintiff is "[t]rying to hide [the 2022 Complaint] like everything else;"

b. that Plaintiff is a "predator and people should know where he lives;"

c. that Plaintiff is a "[s]exual" and "financial" predator;

d. that "[m]ost of Wheaton knows about [the 2022 Complaint] and they have their own opinions. None are good;"

e. that Plaintiff sought to "stiff" the Complainant and that he "[p]robably" committed the acts alleged "right in Wheaton;"

f. that Plaintiff is "disgustingly abusive on so many levels;"

g. that Plaintiff violated his professional obligations to his employers by failing to inform them of the 2022 Complaint; and

h. that Plaintiff is a "terrible person who used [Complainant's] circumstances against her to get her to unwillingly please him sexually."

26. Additionally, the First Website contains numerous other publications dedicated to defaming and disparaging Plaintiff's integrity, ability, and the quality of the professional services Plaintiff provides in the scope of his employment.

27. The aforesaid defamatory and disparaging accusations include, without limitation:

a. Plaintiff was in dereliction of his duties to his financial services clients by "lying, hiding stuff, chasing after crazy-ass companies;"

b. Plaintiff intentionally withheld information from investors and the board of directors of a company with which Plaintiff was engaged professionally;

c. Plaintiff "acted solely for [his colleagues'] benefit and not for the benefit of the companies [with which he was engaged professionally] or the many, many investors;"

6

    d. Plaintiff "abuse[d] [the] trust and misuse[d] proceeds" from companies with which he was engaged professionally; and

    e. Plaintiff disregarded the board of directors of companies with which he was engaged professionally, to the companies' detriment.

28. After discovering the First Website and the 2022 Complaint published thereon, Plaintiff Wolfe immediately moved to vacate the dismissal entered on October 31, 2022, and sought to have the case sealed to prevent the further dissemination of the 2022 Complaint.

29. On November 27, 2023, the Court granted Plaintiff Wolfe's Motion to Vacate the dismissal entered on October 31, 2022, ordered the case sealed, and set the matter for status of Defendants' answer to the 2022 Complaint on January 3, 2024. *See* Order dated November 27, 2023, a true and correct copy of which is attached hereto as **Exhibit 1**.

30. The Complainant received notice of the November 27, 2023, Order via email—delivered to the account used to file the 2022 Complaint—on November 29, 2023. *See* Email from Christine Marte to Plaintiff, a true and correct copy of which is attached hereto as **Exhibit 2**.

31. The individual(s) responsible for maintaining/accessing the email account used to file the 2022 Complaint logged in to the email account at 11:57 P.M. on November 29, 2023, as well as on 14 occasions thereafter.

32. Counsel for Plaintiff Wolfe appeared before the Court for the status hearing on January 3, 2024. Because the Complainant failed to appear, the Court dismissed the case for want of prosecution. *See* Order dated

7

January 3, 2024, a true and correct copy of which is attached hereto as **Exhibit 3**.

33. Thereafter, on or about January 9, 2024—6 weeks after the Court ordered the entire 2022 case sealed—an anonymous party created a second website (the "Second Website," collectively, the "Websites"), hosted out of Lithuania, dedicated to republishing the 2022 Complaint.

34. On or about that same date, the individual(s) responsible for maintaining the content of the First Website removed the 2022 Complaint from the First Website.

35. The Second Website was apparently created to be "linked" and published on the First Website, where it is currently republished and appears.

36. Given the foregoing, upon information and belief, the individual(s) responsible for creating the First Website and republishing the 2022 Complaint thereon received notice of the developments in the 2022 case, despite its status as being sealed.

37. Given the foregoing, upon information and belief, the individual(s) responsible for filing the 2022 Complaint are one and the same as the individual(s) responsible for creating and/or posting on both Websites.

38. Given the foregoing, upon information and belief, the individual(s) responsible for creating the Websites republished the 2022 Complaint on the Second Website in an effort to remove themselves from the jurisdictional "reach" of the Court.

39. The Second Website, as of the date of this filing, includes 21 "comments" including, without limitation, comments alleging:

    a.  Plaintiff "paid [the Complainant] off" in order to have the suit dismissed for want of prosecution;

    b.  Plaintiff is currently "stalking . . . [a]nother homeless or underprivileged woman, no doubt;" and

    c.  Plaintiff is "[t]otally unfit and incompetent" in his employment duties.

40. In addition, the Second Website flagrantly and egregiously misappropriates Plaintiff's name and likeness for its own use and benefit. Specifically, the Second Website misappropriates Plaintiff's name and likeness solely to further the responsible individual(s)' apparent vendetta or animosity against Plaintiff.

41. Pursuant to a subpoena from Plaintiff, on or about February 2, 2024, the First Website's registrar—Newfold Digital, Inc. ("Newfold")—produced documents to Plaintiff related to the identity of the individual(s) responsible for creating and maintaining the First Website.

42. The production from Newfold revealed the First Website was registered by an individual purportedly named "David Xanthan."

43. Plaintiff is unaware of an individual named "David Xanthan," and subsequent investigation has revealed no individual by the name of "David Xanthan."

44. Upon information and belief, "David Xanthan" is yet another alias under which the responsible individual(s) have sought to conceal their misdeeds.

45. However, the production from Newfold also revealed the First Website was registered under a mailing address of 4521 Park Lane, Dallas, TX 75220.

46. Subsequent investigation revealed that 4521 Park Lane, until January 10, 2023, was the residence of Defendant Steven E. Looper—an individual with whom Plaintiff is professionally acquainted.

47. Defendant Steven E. Looper is a convicted felon and the CEO of a company with professional ties to Plaintiff and his employer.

48. Upon information and belief, Defendant Looper was convicted of embezzlement in 1981.

49. Therefore, upon information and belief, Defendant Steven E. Looper is one of the individuals responsible for creating, maintaining, and publishing the content on the Websites and one of the individuals responsible for filing the 2022 Complaint.

50. Upon information and belief, Defendant Steven E. Looper participated in the creation, maintenance, and publication of the content on the Websites, as well as the filing of the 2022 Complaint, in an effort to discredit, defame, and disparage Plaintiff and Plaintiff's employer.

51. Likewise, documents Google, LLC—the registrar and host of the email address used to file the 2022 Complaint—revealed a recovery email address associated with the email address used to file the 2022 Complaint that apparently belongs to Defendant Paul Schlieve.

52. The recovery email address given to create the account from which the 2022 Complaint was identified as "PLSchlieve@gmail.com."

53. Paul Schlieve is an individual with whom both Plaintiff and Defendant Looper are acquainted.

54. Defendant Schlieve is a computer scientist and convicted felon.

55. In or about 2004, Defendant Schlieve was convicted of intent to distribute methamphetamine, conspiracy to distribute methamphetamine, use of a firearm during a drug trafficking crime, and possession of an unregistered firearm.

56. As a result, Defendant Schlieve was sentenced to 160 months' imprisonment and five years' supervised release.

57. Upon information and belief, Defendant Schlieve's employer at the time of his conviction likewise investigated and terminated Defendant Schlieve for fraudulent conduct in connection with invoices he submitted to his employer.

58. During his incarceration, Defendant Schlieve was housed at the Federal Correctional Institutions at Oxford, Wisconsin and Big Sandy, Kentucky.

59. While incarcerated, Defendant Schlieve trained himself as "jailhouse lawyer," filing numerous motions, appeals, and appearances in cases to which he was not even a party in the Courts of the 5th and 7th Federal Circuits.

60. Following his incarceration, Defendant Schlieve was employed as a legal assistant at the firm of Clayborne, Sabo and Wagner in Bellville, Illinois.

61. Given the foregoing, Defendant Schlieve is sufficiently knowledgeable regarding pleadings to have drafted or significantly aided in drafting the 2022 Complaint.

62. Upon information and belief, Defendant Schlieve met other individual(s) who would eventually act as his employers, partners, and/or joint-venturers in fraudulent schemes and activity while incarcerated.

63. During 2016, Defendant Schlieve, with the aid of other as-yet unidentified individuals, began providing limited "complex litigation consulting" services to Plaintiff's employer in connection with litigation in which Plaintiff's employer was then engaged.

64. In the ensuing years, Defendant Schlieve, upon information and belief at the behest of other as-yet identified co-conspirators, continued to work alongside Plaintiff as a "consultant" for Plaintiff's employer and multiple entities owned or controlled by the Trusts for which Plaintiff served as Trustee until Defendant Schlieve's consulting engagement was ultimately terminated on or about February 8, 2024.

65. On or about July 3, 2023, Plaintiff received an anonymous letter threatening Plaintiff in connection with a corporate transaction with which Plaintiff and his employer were associated (the "Letter").

66. The Letter echoed baseless accusations similar to those expressed by the individual(s) creating the Websites, including but not limited to allegations Plaintiff:

    a. "personally caused [the Corporation] to conduct its operations contrary to affirmative statements in the offering materials;"

    b. "personally withheld material information from the Board of Directors, which, had they known the information, would have prevented the failure of [the Corporation] . . .;" and

    c. "made material false statements to the Board of Directors, who relied on [Plaintiff's] false statements in repeating those material false statements to investors."

67. Given the foregoing, upon information and belief, the individual(s) responsible for sending the Letter are one and the same as the individual(s) responsible for filing the 2022 Complaint and publishing the Websites.

68. The responsible individual(s) sent the Letter from a post office located in Drexel, North Carolina.

69. Defendant Schlieve is or was the managing member of Overall Builders, LLC, a Wisconsin limited liability company registered to do business in North Carolina.

70. Overall Builders, LLC has a registered address in North Carolina of 3402 Deal Avenue, Valdese, NC—located approximately four miles from the post office from which the Letter was sent.

71. Given the foregoing, upon information and belief, Defendant Schlieve was one of the individuals responsible for sending the Letter, filing the 2022 Complaint and registering/maintaining the Websites.

13

72. In or about February of 2024, Plaintiff and his colleagues discovered, upon information and belief, a scheme in which Defendant Schlieve, in concert with Defendant Looper and at the as-yet unidentified John Doe co-conspirator(s), engaged in real estate transactions that are under investigation for damaging the Trusts, for which Plaintiff serves as a Trustee and/or Director, in an amount in excess of $50 million.

73. Therefore, upon information and belief, in addition to seeking to damage Plaintiff personally and thereby attack his fitness to serve as a Trustee of the Trusts and as a Director of entities held by the Trusts through the 2022 Complaint and Websites' publication, Defendants acted in a broader effort to intentionally harm Plaintiff and other people associated with his employer in their abilities to work as financial professionals and to depress the value of property the Trusts owned.

74. Upon information and belief, Defendants filed the 2022 Complaint and published the Websites in a concerted effort to damage Plaintiff and his employer's reputation and business relationships, including but not limited to their reputation and relationships with banks and other lenders, in order to artificially create adverse market conditions and attack Plaintiff's fitness to serve as Trustee of the Trusts and/or Director of the related entities to perpetuate the fraud described above.

75. Specifically, Defendants engaged in a conspiracy to commit fraud and aid and abet the breach of fiduciary duties, in furtherance of which Defendant Schlieve and the John Doe co-conspirator(s) committed

14

numerous over acts including but not limited to filing the 2022 Complaint, sending the Letter, and creating the Websites at the behest of Defendant Doe(s), as-yet unidentified co-conspirator(s), and for Defendants' benefit in order to defame, disparage, and discredit Plaintiff and his employer with the primary aim of creating a perceived crisis of solvency and/or marketability.

76. In this way, Defendants' motive in filing the 2022 Complaint, publishing the Websites, and sending the Letter was not only to damage Plaintiff personally through the sheer defamation and disparagement caused thereby, but also to prevent his interference with the fraudulent scheme described above by causing him to be removed as Trustee and/or Director or otherwise bypassed.

77. Likewise, through their scheme to remove Plaintiff from and/or interfere with his employment duties and duties as Trustee, Defendants intended not only to convert funds and property, but also to damage and preclude Plaintiff's ability to investigate, discover, and rectify Defendants' fraud and recover the funds and property they stole, damaged, and/or misused.

78. In turn, the perceived crisis created by Defendants' scheme had the larger purpose of facilitating the fraud against Plaintiff's employer that is, upon information and belief, strikingly similar to fraudulent schemes which Defendant Schlieve carried out prior to Schlieve's conviction.

79. As part of his professional relationship with Plaintiff and Plaintiff's employer, Defendant Schlieve served as the administrator of the website and corporate email account of an entity known as Terra Carta Partners, LLC.

80. Terra Carta Partners, LLC, is an entity related to the property subjected to the larger fraud scheme against Plaintiff's employer described above.

81. As of the date of this filing, the website for Terra Carta Partners, LLC has been removed from the web, and Plaintiff's access to his email account associated with Terra Carta Partners has been revoked.

82. Given Defendant Schlieve's role as administrator of the Terra Carta website and email accounts, and his control thereof, upon information and belief, Defendant Schlieve has removed the Terra Carta website and revoked Plaintiff's email access in an ongoing attempt to destroy evidence and obscure Defendants' involvement in the conduct alleged herein.

83. As the allegations in the 2022 Complaint and published on the Websites are not only baseless and untrue, but also particularly scandalous, offensive, and outrageous, Plaintiff has experienced, and continues to experience, damage to his reputation and mental well-being as a result of the 2022 Complaint's subsequent publication. Moreover, the website participants' engagement in doxing and incitement of doxing represents a danger to the Plaintiff and his immediate family.

**Count I – Abuse of Process**

84. Plaintiff hereby incorporates by reference the allegations contained in ¶¶ 1-83 of his Complaint as if fully set forth herein.

85. Defendants had an ulterior purpose or motive for filing the 2022 Complaint so that the sole purpose of the proceeding was to "dox," humiliate, intimidate, and/or extort Plaintiff Wolfe rather than pursue a legitimate breach of contract action against him, as evidenced by, without limitation:

> a. the particularly scandalous and obscene nature of the allegations therein;
>
> b. Defendants' filing of the 2022 Complaint under an assumed name containing allegations they knew to be false;
>
> c. Defendants' use of false contact information in filing the 2022 Complaint;
>
> d. Defendants' complete disinterest and lack of diligence in pursuing the claim; and
>
> e. Defendants' republication—including republication on the Second Website in blatant violation of a court order—of the 2022 Complaint on Websites dedicated solely to harassing and "doxing" Plaintiff.

86. Defendants filed the 2022 Complaint to use the legal process for a purpose not proper in the regular prosecution of a breach of contract action, but rather only for subsequent publication on the Websites in order to cause Plaintiff to experience severe hardship and damage to his reputation, far beyond the purview of the legal process.

87. Indeed, the Court and its processes themselves have been abused as the means through which Defendants sought to effect the extreme malice, prejudice, and hardship against Plaintiff.

88. As a direct and proximate result of Defendants' abuse of process, Plaintiff has suffered, and will continue to suffer, damages in an amount to be proven at trial.

### Count II – Malicious Prosecution

89. Plaintiff hereby incorporates by reference the allegations contained in ¶¶ 1-83 of his Complaint as if fully set forth herein.

90. Defendants instituted the 2022 Complaint as alleged herein and as evidenced by their publication of the 2022 Complaint—which was entirely obscure and had not even been served on Plaintiff, let alone litigated in any fashion—on the First Website, receipt of notice regarding developments in the sealed 2022 case and subsequent removal from the First Website and republication on the Second Website in response.

91. Defendants lacked probable cause for the institution of the 2022 Complaint as alleged herein and as evidenced by the fact Defendants filed the 2022 Complaint under a false name containing allegations they knew to be false, Defendants' use of false contact information in instituting the 2022 Complaint, Defendants' demonstrated lack of interest and intent to actually prosecute the claim, and Defendants' creation and republication of the 2022 Complaint on the Websites.

92. Defendants acted with malice in instituting the 2022 Complaint as alleged herein and as evidenced by the fact Defendants immediately abandoned the claim and subsequently republished the 2022 Complaint on the First Website dedicated to doxing, defaming, and harassing Plaintiff and his colleagues, removal of the 2022 Complaint on the First Website in response to the Court's Order sealing the 2022 case, and subsequent registration of the Second Website in Lithuania and republishing of the 2022 Complaint thereon in direct, knowing, and contumacious violation of the Court's November 27, 2023 Order sealing the case.

93. The 2022 case terminated in Plaintiff's favor when it was dismissed on January 3, 2024.

94. As a direct and proximate result of Defendants' malicious prosecution, Plaintiff has suffered special injury well beyond the common incident of most lawsuits in that Defendant did not institute the 2022 Complaint for the good faith purpose of resolving a legal dispute or obtaining damages, but rather sought and succeeded to enact a direct interference with Plaintiff's person and livelihood.

**Count III – Defamation**

95. Plaintiff hereby incorporates by reference the allegations contained in ¶¶ 1-83 of his Complaint as if fully set forth herein.

96. Defendants' malicious and intentional defamation of Plaintiff through the filing, publication and transmission of the 2022 Complaint and

accusations on the Websites constitute defamation *per se* as they impute with Plaintiff the commission of adultery, the commission of a crime, and an inability to perform and/or want of integrity in the discharge of his employment duties.

97. Defendants made the foregoing defamatory statements with knowledge of their falsity and with actual malice so as to justify an award of punitive damages given that, as the individual filing the 2022 Complaint, Defendants knew Plaintiff had never interacted with "Susan Essex" and has certainly never engaged in the conduct Defendants allege.

**Count IV – Disparagement**

98. Plaintiff hereby incorporates by reference the allegations contained in ¶¶ 1-83 of his Complaint as if fully set forth herein.

99. Defendants published false and demeaning statements regarding the quality of Plaintiff's professional services on the Websites as alleged herein.

100. Upon information and belief, Defendants made the aforesaid false and demeaning statements in an effort to influence the public visiting the Websites not to engage Plaintiff's professional services due to Plaintiff's alleged lack of professional competency and integrity and to damage Plaintif and Plaintiff's employer.

101. Defendants made the aforesaid false and demeaning statements with malice as evidenced by the fact Defendants have no known

connection to or experience with the transactions Defendants disparaged, and therefore made the statements with conscious disregard of whether the statements were true or false.

102. As a direct and proximate result of Defendants' disparagement, Plaintiff Wolfe has suffered, and will continue to suffer, damages in an amount to be proven at trial.

**Count V – Invasion of Privacy; Public Disclosure of Private Facts**

103. Plaintiff Paul Schroth Wolfe hereby incorporates by reference the allegations contained in ¶¶ 1-83 of his Complaint as if fully set forth herein.

104. Defendants gave publicity to private facts concerning Plaintiff Wolfe by, inter alia, publishing Plaintiff Wolfe's address and telephone number on the First Website.

105. The facts Defendants published on the First Website were private and not public facts regarding Plaintiff Wolfe.

106. The publication of the private facts regarding Plaintiff Wolfe as alleged herein would be highly offensive to a reasonable person in that they were disclosed in a context in which Defendants encouraged the public to use the facts to "dox," harass, and harm Plaintiff Wolfe and his family.

107. As a direct and proximate result of Defendants' invasion of privacy, Plaintiff Wolfe has suffered, and will continue to suffer, damages in an amount to be proven at trial.

**Count VI – False Light**

108.    Plaintiff hereby incorporates by reference the allegations contained in ¶¶ 1-83 of his Complaint as if fully set forth herein.

109.    Defendants placed Plaintiff in a false light before the public when they knowingly advanced false accusations against him via the 2022 Complaint and subsequent publication on the Websites as alleged herein, including but not limited to accusations that Plaintiff is an adulterer and a criminal.

110.    Defendants' statements were made to the public at large given the Websites are freely accessible to every individual with internet access throughout the world as is the 2022 Complaint itself and the accusations therein.

111.    The false light in which Defendants placed Plaintiff is highly offensive to a reasonable person given the allegations specifically accuse Plaintiff of "preying" on and "stalking" vulnerable individuals for sexual services, of being a danger to the community, of unethical and immoral conduct regarding his employment, of adultery, and of criminal conduct.

112.    As alleged herein, Defendants filed the 2022 Complaint and republished the same, along with the accusations on the Websites, with actual knowledge that the statements were false and actual malice given Defendants filed the 2022 Complaint under a false name, knew Plaintiff has never interacted with "Susan Essex" and has certainly never engaged in the conduct Defendant alleged.

22

**Count VII – Violation of the Illinois Right of Publicity Act**

113.     Plaintiff hereby incorporates by reference the allegations contained in ¶¶ 1-83 of his Complaint as if fully set forth herein.

114.     Defendants' unauthorized use of Plaintiff's identity for commercial purposes is a violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1-60.

115.     Specifically, Defendants made use of Plaintiff's identity including but not limited to the use of his name in the Second Website in connection with Plaintiff's sale of services in an effort to damage Plaintiff and Plaintiff's employer and in an effort to harm Plaintiff's business relationships/reputation, including but not limited to his relationships and reputation with banks and other lenders, in, upon information and belief, an overarching scheme to defraud Plaintiff's employer.

116.     Defendants' use of Plaintiff's identity was unauthorized because Defendants did not obtain Plaintiff's consent to use of his identity in connection with the domain name of the Second Website. In fact, Defendants actively sought to conceal their involvement in the Websites' publication.

117.     Defendants' use of Plaintiff's identity was willful because they used Plaintiff's identity intentionally and with knowledge that its use was not authorized. In fact, Defendants' entire purpose in filing the 2022 Complaint and publishing the Websites was to damage Plaintiff for their own gain.

23

118.    Plaintiff has been damaged by Defendants' unauthorized use of Plaintiff's identity.

**Count VIII – Violation of 15 U.S.C. § 1125(d)(1); Cyberpiracy**

119.    Plaintiff hereby incorporates by reference the allegations contained in ¶¶ 1-83 of his Complaint as if fully set forth herein.

120.    Defendants have a bad faith intent to profit from the illicit use of Plaintiff's name in the Second Website as demonstrated by:

    a. Plaintiff's trademark and intellectual property rights in the use of his personal name in the Second Website;

    b. The use of Plaintiff's legal name in the domain of the Second Website;

    c. Defendants' lack of any bona fide noncommercial use of Plaintiff's name in the Second Website;

    d. Defendants' demonstrated intent in use of Plaintiff's name to harm the goodwill represented by Plaintiff's name both for Defendants' own commercial gain and with the intent to tarnish and disparage Plaintiff's name; and

    e. Defendants' provision of material and misleading false contact information when registering the domain name, as alleged herein.

121.    Defendants' registration, trafficking in, and use of Plaintiff's personal name, which is protected as a mark under 15 U.S.C. § 1125, in the domain name of the Second Website therefore constitutes a violation of 15 U.S.C. § 1125(d)(1).

**Prayer for Relief**

WHEREFORE, Plaintiff requests this Court enter judgment against Defendants Steven E. Looper, Paul Schlieve a/k/a Paul Whinnery a/k/a Paul Schmidt, and John Doe(s), unidentified co-conspirator(s), as follows:

A. Awarding Plaintiff compensatory, special, incidental and punitive damages, in an amount to be determined at trial, plus costs, fees, and post-judgment interest at the legal rate from the date of judgment until paid in full;

B. Issuing an order forfeiting and cancelling the Websites or ordering the transfer of the Websites to Plaintiff pursuant to 15 U.S.C. § 1125(d)(1)(C);

C. Issuing an injunction preventing Defendants from maintaining the Websites' publication, communicating about Plaintiff on any social media website or creating any new websites regarding Plaintiff or his employer;

D. Issuing an order directing Defendants Schlieve and Looper to disclose information which will reveal the true identity of Defendant(s) John Doe, unidentified co-conspirator(s); and

E. Awarding such other relief as this Court deems just and equitable.

**Demand for Jury Trial**

Plaintiff demands trial by jury on all issues so triable.

Dated: February 23, 2024     Respectfully submitted,

<u>/s/Thomas E. Patterson</u>
Thomas E. Patterson
Garret von Schaumberg
Patterson Law Firm, LLC
200 W. Monroe St., Suite 2025
Chicago, Illinois 60606
Tel.  312-223-1699/Fax 312-223-8549
tpatterson@pattersonlawfirm.com
gvonschaumburg@pattersonlawfirm.com
*Attorney for Plaintiff*

26

# EXHIBIT 1

ACTION ORDER                                                                                          2022LA000692-80

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
|---|---|---|
| | IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | |

SUSAN ESSEX

                                             Plaintiff

           -VS-                                              2022LA000692
                                                             CASE NUMBER
PAUL SCHROTH WOLFE

                                             Defendant

# FILED

**23 Nov 27   AM 10: 32**

*Candice Adams*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

### ACTION ORDER

This matter having come before the Court, the Court having jurisdiction and being fully advised in the premises:

**IT IS HEREBY ORDERED** as follows:

The case is continued to 01/03/2024 in 2020 at 09:00 AM for STATUS.


The Order entered on 10/31/22-DWP is hereby vacated.


Defendant's Motion to Vacate the DWP entered on 10/31/22 is hereby granted and vacated.

Defendant's Motion to Seal the Entire Case is hereby granted for the reasons stated on the record and the Clerk's Office is directed to seal the entire case.

Defendant's counsel to provide plaintiff a copy of this order where notice of the motion was made.

Plaintiff to appear at the next status or possibly be subject to having this case dismissed for want of prosecution.

Defendant to advise on whether filing an answer to the complaint by next status.



Submitted by: JUDGE ANGELO J KAPPAS
DuPage Attorney Number:                    ☐ PRO SE
Attorney for:

*(File Date: 11/27/2023)*
_____
JUDGE ANGELO J KAPPAS
Validation ID : DP-11272023-1032-58879


Date: 11/27/2023

# EXHIBIT 2

**Garrett Von Schaumburg**

| | |
|---|---|
| **From:** | Christine Marte |
| **Sent:** | Wednesday, November 29, 2023 1:37 PM |
| **To:** | Susanessex21@gmail.com |
| **Cc:** | Thomas Patterson; Garrett Von Schaumburg |
| **Subject:** | Wolfe adv. Essex Case# 2022-LA-692 - November 27, 2023 Order |
| **Attachments:** | 2023.11.29 Proof of Service of 11-27 Order.pdf; 2023.11.27 Order.pdf |

Good afternoon,

Please see attached Order entered on November 27, 2023, in the above referenced matter. Thank you.

Sincerely,

Christine Marte
Paralegal



200 W. Monroe, Suite 2025
Chicago, Illinois 60606
Dir (312) 750-1816 • Tel (312) 223.1699 ext. 117 • Fax (312) 223.8549
**email** | **website**

CONFIDENTIALITY NOTICE:
This electronic communication and any attached files contain information intended for the exclusive use of the individual or entity to whom it is addressed and may contain information that is proprietary, privileged, confidential and/or exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this information is prohibited and may be subject to legal restriction or sanction. Please notify the sender, by electronic mail or telephone, of any unintended recipients and delete the original message without making any copies. E-mails are susceptible to change. The Patterson Law Firm, LLC does not guarantee that the integrity of this communication has been maintained or that this communication is free of misuses, interceptions or interference.

# EXHIBIT 3

ACTION ORDER                                                                                    2022LA000692-93

| STATE OF ILLINOIS | UNITED STATES OF AMERICA | COUNTY OF DU PAGE |
| | IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT | |

SUSAN ESSEX

          Plaintiff

-VS-

PAUL SCHROTH WOLFE

          Defendant

2022LA000692
CASE NUMBER

# FILED

**24 Jan 03   AM 09: 33**

*Candice Adams*

CLERK OF THE
18TH JUDICIAL CIRCUIT
DUPAGE COUNTY, ILLINOIS

## ACTION ORDER

This matter having come before the Court, the Court having jurisdiction and being fully advised in the premises:

**IT IS HEREBY ORDERED** as follows:

The case is dismissed for want of prosecution.

Plaintiff failed to appear.

Submitted by: JUDGE ANGELO J KAPPAS
DuPage Attorney Number:
Attorney for:

☐ PRO SE

File Date: 01/03/2024

JUDGE ANGELO J KAPPAS
Validation ID : DP-01032024-0933-16218

Date: 01/03/2024